# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAHMAL FULCHER, | : | Case No. 3:23-CV-570 (SVN) |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| *Respondent*. | : | August 19, 2025 |

## <u>ORDER GRANTING MOTION TO DISMISS</u>

Before the Court is Respondent State of Connecticut's motion to dismiss Petitioner Jahmal

Fulcher's petition for writ of habeas corpus brought under 28 U.S.C. § 2254.  Because the Court

concludes that Petitioner's habeas petition contains no exhausted claims, the Court **GRANTS**

Respondent's motion to dismiss and **DISMISSES** Petitioner's habeas petition without prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

### A.  <u>State Trial and Appellate Proceedings</u>

Petitioner was charged with murder and carrying a pistol without a permit in November of

2013.  *Fulcher v. Comm'r of Corr.*, No. CV-16-4007711-S, 2020 WL 2060549, at *1 (Conn.

Super. Ct. Mar. 18, 2020).[1]  Petitioner was represented by Attorney Kevin Smith.  *Id.*  During trial

on the charges, Petitioner entered a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970)

to a lesser charge of manslaughter in the first degree with a firearm.  *Id.*  Before sentencing,

Petitioner sent letters to the trial court requesting to withdraw his *Alford* plea because Smith

allegedly had "forced him to enter his plea."  *Id.*  Smith eventually withdrew as Petitioner's

---

[1] The Court takes judicial notice of the Superior Court Docket in order to fully address the procedural history of this case.  *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (courts may take "judicial notice of relevant matters of public record").

attorney, and the trial court appointed Attorney Michael Alevy to represent Petitioner. *Id.* Alevy proceeded to file a motion to withdraw Petitioner's guilty plea, alleging the plea was involuntary and that Smith had provided ineffective assistance to Petitioner. *Id.* The trial court denied the motion after an evidentiary hearing and, consistent with Petitioner's plea agreement, sentenced him to twenty years' imprisonment, followed by five years of special parole. *Id.*

Petitioner appealed the criminal judgment to the Appellate Court of Connecticut, arguing that "[t]he trial court erred in not permitting [him] to withdraw his guilty plea." Resp. App'x D, ECF No. 11-4 at 14 (caps omitted). The Appellate Court of Connecticut affirmed the trial court's criminal judgment in a *per curiam* opinion. *See State v. Fulcher,* 179 Conn. App. 905 (2018). Petitioner did not seek discretionary review before the Connecticut Supreme Court.

B. <u>State Habeas Proceedings</u>

Petitioner filed a state habeas petition while his direct appeal was pending, with the assistance of counsel. *Fulcher*, 2020 WL 2060549, at *1. The state habeas petition raised numerous claims of ineffective assistance of counsel against Smith and Alevy. Resp. App'x E, ECF No. 11-5 at 54–57. As relevant here, Petitioner claimed that Attorney Alevy "rendered deficient performance by his failure to introduce evidence of the breakdown in the attorney-client relationship in support of the motion to withdraw" Petitioner's guilty plea. *Fulcher*, 2020 WL 2060549, at *7. After holding a trial on Petitioner's state habeas petition, the habeas court denied the petition in a written order. *See Fulcher*, 2020 WL 2060549, at *1, 7. As to the question of Attorney Alevy's ineffectiveness, the habeas court found that "[t]he only evidence that could be construed as indicative" of a breakdown in the attorney-client relationship was communications between Attorney Smith and Petitioner's family "in which Attorney Smith demanded payment of the outstanding amounts due for his representation." *Id.* at *7. The court concluded, however,

that that evidence did not "demonstrate a breakdown in communication," given that Petitioner and Attorney Smith continued to communicate through the time of Petitioner's guilty plea. *Id.* at *7. Following the habeas trial court's denial of his petition, Petitioner petitioned that court for certification to appeal four issues. Resp. App'x E, ECF No. 11-5 at 81. The habeas court denied the petition for certification to appeal. *See id.* at 82. Petitioner nonetheless appealed to the Connecticut Appellate Court. *See id.* at 83.

With the assistance of counsel, Petitioner raised four issues on appeal from the state habeas ruling, including the following issue: "Did the habeas court err in concluding that Attorney Alevy was not ineffective for failing to present evidence that Attorney Smith threatened to withdraw from the petitioner's case shortly before trial in support of the argument that the petitioner's guilty plea was not voluntary?." *Id.* at 5. The Appellate Court of Connecticut dismissed petitioner's appeal in a *per curiam* opinion. *See Fulcher v. Comm'r of Corr.*, 211 Conn. App. 901 (2022).

Petitioner then sought discretionary review from the Connecticut Supreme Court. *See* Resp. App'x AA, ECF No. 35-1 at 2. Petitioner, again through counsel, this time raised only one issue in his petition for certification to appeal: "whether a guilty plea that is entered as a result of defense counsel's threat to withdraw shortly before trial may render that guilty plea involuntary."[2] *Id.* The Connecticut Supreme Court denied the petition for certification to appeal. *See Fulcher v. Comm'r of Corr.*, 343 Conn. 918 (2022).

C. <u>Federal Habeas Proceedings</u>

Petitioner filed a *pro se* federal habeas petition on May 2, 2023, alleging various claims of ineffective assistance of both Attorneys Smith and Alevy. Pet., ECF No. 1. Respondent moved to dismiss the petition. Mot. to Dismiss, ECF No. 10. In response, Petitioner proposed to file an

---

[2] This has been referred to as the "Smith-threat claim" throughout these proceedings.

amended petition, limited to claims concerning Attorney Alevy's effectiveness.  *See* Pet'r's Obj., ECF No. 15; Order, ECF No. 17.  Because of the risk that Petitioner may not, in the future, be able to litigate any claims he abandoned against Attorney Smith, the Court determined that it was in the interests of justice to appoint counsel to confer with Petitioner about his proposed amended petition.  ECF No. 17.

Counsel thereafter advised the Court that Petitioner wished to withdraw his proposed amended petition and, instead, substantively oppose Respondent's motion to dismiss.  *See* Status Rep., ECF No. 20; Order, ECF No. 21.  But Petitioner never filed an opposition to the motion to dismiss, despite being granted several extensions of time to do so.  *See* Orders, ECF Nos. 23, 24, 25.

As Petitioner did not oppose the motion to dismiss, the Court construed his silence as a desire to proceed with an amended petition instead.  *See* Order, ECF No. 26.  The Court then reappointed the same counsel to file a second amended federal habeas petition for Petitioner.  *Id.* Counsel did so, alleging claims of ineffective assistance of counsel by both Smith and Alevy.  *See* Sec. Amend. Pet., ECF No. 31 at 4–5.  Respondent timely moved to dismiss the second amended petition.  Mot. to Dismiss, ECF No. 34.

In response to the motion to dismiss, Petitioner represented that he had neither seen nor approved the second amended petition filed by counsel, and he filed a motion to amend the petition to assert claims against only Attorney Alevy.  *See* Pet'r's Obj., ECF No. 40; Mot. to Amend, ECF No. 41.  Respondent took no position on the motion to amend.  Not., ECF No. 44.  The Court granted the motion for leave to amend, and docketed Petitioner's *pro se* third amended petition alleging ineffective assistance of counsel claims against only Alevy.  Third Am. Pet., ECF No. 47 at 2–3.  The third amended petition remains operative.

4

Respondent again moved to dismiss the petition, arguing that it is a "mixed petition" containing both exhausted and unexhausted claims. *See* Mot. to Dismiss, ECF No. 49 at 1. Specifically, Respondent argued that only the "Smith-threat claim" was exhausted. *Id.* at 29.

The Court thereafter entered a text order questioning whether the third amended petition petition was, in fact, a mixed petition because the "Smith-threat claim" that Petitioner raised before the Connecticut Supreme Court did not appear to be the "substantial equivalent" of any claim raised in the federal habeas petition. *See* Order, ECF No. 53. Accordingly, the Court ordered both parties to submit briefs addressing this issue. *Id.* Both parties have submitted briefs in response to the Court's order. *See* Resp., ECF No. 56; Pet. Supp. Brief, ECF No. 57.

## II.    LEGAL STANDARDS

### A.    <u>Motions to Dismiss Habeas Petitions</u>

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6). *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254 petition under Fed. R. Civ. P. 12(b)(6)). To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the operative habeas petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). But "[d]espite the special

solicitude that the Court must show [Petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (italicization added; citation and internal quotation marks omitted).

In considering a motion to dismiss, a court typically may consider only the complaint, or, here, the petition. However, the petition "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to the petition. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted); *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (explaining that, in considering a motion to dismiss, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint"). To that end, because the petition relies on the various state court proceedings underlying the procedural history of this case, the Court will consider the documents relevant to those proceedings. *Vializ v. Arnone*, No. 3:11CV1636 VLB, 2012 WL 3000406, at *1 (D. Conn. July 20, 2012) (footnote omitted) (taking judicial notice of habeas petitioner's state cases).

B. Exhaustion of State Court Remedies

Congress codified "the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies" in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(b)(1)(A) (stating that a habeas petition shall not be granted "unless it appears that . . . the

applicant has exhausted the remedies available in the courts of the State[.]"); *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 190 (2d Cir. 1982) (footnote omitted) (collecting cases). The exhaustion doctrine "provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Daye*, 696 F.2d at 191 (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Wilwording v. Swenson,* 404 U.S. 249 (1971) (*per curiam*)). This requirement "springs primarily from considerations of comity" and out of "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Id.* (citations omitted).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (citing *Duncan v. Henry*, 513 U.S. 354, 365–66 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). To "fairly present" a federal claim to the state courts, the petitioner must "inform[ ] the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye*, 696 F.2d at 191 (citing *Picard*, 404 U.S. at 276–77; *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir. 1979)).

"Fair presentation" requires the petitioner to "set forth in state court all of the essential factual allegations asserted in his federal petition" because "if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* (citing, *inter alia*, *Picard*, 404 U.S. at 276). The petitioner must also "place[ ] before the state court essentially the same legal doctrine he asserts in his federal petition" because "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192

(citing, *inter alia*, *Picard*, 404 U.S. at 276).  Importantly, the exhaustion doctrine "would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." *Picard*, 404 U.S. at 276.  "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.*

A habeas petitioner need not "cit[e] 'book and verse on the federal constitution'" to "fairly present" each claim. *Daye,* 696 F .2d at 191 (quoting *Picard*, 404 U.S. at 278 (quotation omitted)). A habeas petitioner may, instead, "include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 194.  "In all such circumstances the federal habeas court should assume that the state courts . . . have been alerted to consider, and have considered, the constitutional claim." *Id.* (internal citations omitted).

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005).  When presented with a mixed petition, a district court has discretion either to dismiss the petition in its entirety, or to stay the federal habeas proceeding to afford the petitioner an opportunity to exhaust his unexhausted claims in state court. *Id.* at 278–79; *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).  Staying the federal habeas proceeding is generally disfavored because it frustrates the objectives of the exhaustion requirement; thus, a stay is available "only in limited circumstances." *Rhines*, 544 U.S. at 277.

While "the procedural complexities confronting a habeas petitioner proceeding under the [AEDPA] are considerable," *Wright v. Conway*, No. 906-CV-0319 (FJS) (GHL), 2007 WL 4119195, at *1 (N.D.N.Y. Nov. 16, 2007) (citing *Zarvela*, 254 F.3d at 378), determining whether a federal habeas petitioner has exhausted his claims under the AEDPA is relatively straightforward: the Court must determine whether the Petitioner has both (1) raised a claim before the state Supreme Court and (2) then raised the "substantial equivalent" of that claim in his federal habeas petition. *See Baldwin*, 541 U.S. at 29; *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (noting that "[t]he claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition." (citing *Strogov v. Att'y Gen. of N.Y.*, 191 F.3d 188, 1991 (2d Cir. 1999) (quoting *Piccard*, 404 U.S. at 278))); *see also Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001) (noting that "[t]o satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state[.]" (quotation marks, citations, and alteration omitted)).

## III.   DISCUSSION

### A.  Failure to Exhaust

After thoroughly reviewing Respondent's motion to dismiss, Petitioner's objection, and the supplemental briefs filed by the parties in response to the Court's June 20, 2025, Order, the Court concludes that Petitioner's *pro se* amended petition contains no exhausted claims and must be dismissed without prejudice.

To start, any claim that Petitioner previously raised in state courts—either on direct appeal or through state habeas proceedings—that was not presented to the Connecticut Supreme Court is unexhausted. *See*, *e.g*., *Floyd v. Murphy*, No. 3:01-CV-1221 CFD, 2008 WL 616090, at *14

(D. Conn. Mar. 3, 2008) (concluding that claim was unexhausted because petitioner did not present it in his petition for certification to the Connecticut Supreme Court); *Lopez v. Quiros*, No. 3:22-CV-565 (SVN), 2023 WL 2384112, at *6 (D. Conn. Mar. 6, 2023) (concluding that petitioner exhausted one claim by seeking review of it before the Connecticut Supreme Court but not another claim as to which he did not seek review).  All claims aside from the single claim that Petitioner brought before the Connecticut Supreme Court—"whether a guilty plea that is entered as a result of defense counsel's threat to withdraw shortly before trial may render that guilty plea involuntary"—*see* Resp. App. AA, ECF No. 35-1 at 2, fall into this category.  And because the one claim Petitioner presented to the Connecticut Supreme Court was not explicitly brought in his operative federal habeas petition, the Court thus proceeds to examine whether the claim is the substantial equivalent of any claim in that petition.

 "The difficult question in many cases," including the present one, "is whether the legal doctrines asserted in state and federal courts are substantially the same."  *Daye*, 696 F.2d at 192.  Here, Petitioner has filed a federal habeas petition asserting eleven claims of ineffective assistance of counsel by Attorney Alevy, one of which is that Attorney Alevy was ineffective because he failed to "provide/introduce evidence of how Attorney Smith's threats to withdraw coerced and compelled the petitioner to enter a plea of guilt[y]."  *See* Third Am. Pet., ECF No. 47 at 2–3.  This appears to be the substantial equivalent of an ineffective assistance of counsel claim that Petitioner pursued at the state habeas trial court and at the Connecticut Appellate Court.  *See Fulcher*, 2020 WL 2060549, at *7; Pet. Conn. App. Ct. Br., ECF No. 11-5 at 26–33.   But the Court cannot find that it is the substantial equivalent of the claim Petitioner pursued in his petition for certification to appeal to the Connecticut Supreme Court.

Ineffective assistance of counsel claims are brought under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984) (noting that the Supreme Court "has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial."). Had Petitioner presented to the Connecticut Supreme Court a Sixth Amendment ineffective assistance of counsel claim regarding Attorney Alevy's alleged failure to present evidence of Attorney Smith's threats to withdraw, he would have "[o]bviously . . . fairly presented his legal basis [for his habeas claim] to the state courts." *Daye*, 696 F.2d at 192 (bracketed material added for clarity). But Petitioner did not do so.

Instead, Petitioner asked the Connecticut Supreme Court "to grant [ ]his petition for certification to address whether a guilty plea that is entered as a result of defense counsel's threat to withdraw shortly before trial may render that guilty plea involuntary." Resp. App. AA, ECF No. 35-1 at 2. Because Petitioner chose to present his claim ambiguously to the Connecticut Supreme Court, the Court must now decide whether it is "the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones*, 329 F.3d at 295. That is somewhat difficult here, which is why the Court invited briefing on the issue. *See Daye*, 696 F.2d at 193 (noting that "[t]he greatest difficulty arises when in the state court the petitioner has described his claim in very broad terms, such as denial of a 'fair trial'").

The parties have presented opposing views on this question. Respondent originally viewed Petitioner's claim presented to the Connecticut Supreme Court as being the "substantial equivalent" of a claim Petitioner raised in his federal habeas petition. *See* ECF No. 49 at 29 (noting that "the petitioner raises the Smith-threat claim" and that "this claim is exhausted"). Petitioner agrees with Respondent's initial view. *See* Pet. Supp. Br., ECF No. 57. But, in light of the Court's supplemental briefing order, Respondent now asserts that the "Smith threat claim" raised before

the Connecticut Supreme Court is not the "substantial equivalent" of the "Smith-threat claim" raised in the federal habeas petition. *See* Resp., ECF No. 56 at 3. The Court agrees with Respondent's new position.

The same facts may sometimes give rise to multiple constitutional violations. *See, e.g., United States v. Ghailani*, 743 F. Supp. 2d 242, 256 (S.D.N.Y. 2010) (noting that "[a] coerced confession case . . . may involve more than one constitutional violation . . ."). Thus, a habeas petitioner's alleged involuntary guilty plea may give rise to both an ineffective assistance of counsel claim and a due process claim. *See*, *e.g.*, *United States v. Norris*, 109 F. App'x 470 (2d Cir. 2004) (summary order) (considering appeal asserting both that defendant "received ineffective assistance of counsel that resulted in an unknowing and involuntary plea" and that "this involuntary plea violated his Fifth Amendment right to due process . . ."). But even though the same set of facts may give rise to more than one constitutional claim, each individual claim must be "fairly presented" to the state's highest courts for it to be considered exhausted. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (noting that "[t]o have exhausted claims in state court, petitioner must have 'fairly presented' *each* federal claim to the highest state court." (emphasis added) (quoting *Picard*, 505 U.S. at 275)); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.") (citations omitted).

In his federal habeas petition, Petitioner seeks to vindicate his Sixth Amendment right to the effective assistance of counsel relating to Attorney Alevy's representation. *See* Third Amend. Pet., ECF No. 47 at 2–3. But Petitioner never gave the Connecticut Supreme Court "the first opportunity" to consider whether Petitioner's Sixth Amendment rights were violated by Attorney Alevy's actions. *Picard*, 404 U.S. at 276. Petitioner instead asked the Connecticut Supreme Court

to consider "whether a guilty plea that is entered as a result of defense counsel's threat to withdraw shortly before trial may render that guilty plea involuntary," Resp. App. AA, ECF No. 35-1 at 2, an issue that Petitioner told the Connecticut Supreme Court that "[t]he habeas court and the Appellate Court did not squarely address . . ." *Id.* at 7.

The Second Circuit has observed that "an involuntary guilty plea is 'obtained in violation of due process . . .'" *United States v. Vargas*, 63 F. App'x 592, 594 (2d Cir. 2003) (summary order) (quoting *McCarthy v. United States,* 394 U.S. 459, 466 (1969)); *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005) ("It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently." (citing *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–43 (1969)). As such, district courts within this Circuit have concluded that "challenges to the voluntariness of a guilty plea are firmly within the mainstream of due process claims." *Rodriguez v. Lamanna*, No. 2:18-CV-07196 (ENV), 2020 WL 4926358, at *3 (E.D.N.Y. Aug. 19, 2020) (citing *Velasquez v. Ercole*, 878 F. Supp. 2d 387, 401 (E.D.N.Y. 2012) ("A conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral attack by federal *habeas corpus.*").

Presenting a claim that courts would recognize as being "within the mainstream of due process claims," *Rodriguez*, 2020 WL 4926358, at *3, would "alert[ ] that court to the federal nature of the claim," *Baldwin*, 541 U.S. at 29, but it would not necessarily alert the state court to a Sixth Amendment ineffective assistance of counsel claim, specifically. *See Willis v. Vaughn*, 48 F. App'x 402, 406 (3d Cir. 2002) (recognizing that "ineffective assistance of counsel claims and underlying due process claims are distinct, and exhaustion of one does not constitute exhaustion of the other"). A habeas petitioner most "[o]bviously" presents an ineffective assistance of counsel

claim by "cit[ing] the state courts to the specific provision of the Constitution relied on in his habeas petition." *Daye*, 696 F.2d at 192. But Petitioner did not cite the Sixth Amendment in his petition for certification to the Connecticut Supreme Court, suggesting he did not intend to raise an ineffective assistance of counsel claim to that court. *See* Resp. App. AA, ECF No. 35-1.

To the extent Petitioner attempted to fairly present an ineffective assistance of counsel claim to the state court by citing to cases from federal and state courts, *see Daye*, 696 F.2d at 194, he also failed to cite *Strickland v. Washington*, 466 U.S. 668 (1994), the "seminal case for an ineffective assistance of counsel claim." *Peterson v. People of N.Y.*, No. 00 CIV. 4777 (RPP) (KNF), 2005 WL 1278516, at *3 (S.D.N.Y. May 26, 2005). Under *Strickland*, a petitioner claiming ineffective assistance of counsel must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" and that he was actually prejudiced as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 687. Petitioner's omission of *Strickland* from his petition confirms that he did not intend to raise an ineffective assistance of counsel claim to the Connecticut Supreme Court. Indeed, if Petitioner had cited *Strickland* and presented the issue as an ineffective assistance of counsel claim, the petition would not have "involved[d] an issue that apparently has never been addressed by this court or the Appellate Court[.]" Resp. App. AA, ECF No. 35-1 at 7. The Connecticut Supreme Court had been deciding ineffective assistance of counsel claims in the context of guilty pleas for decades before Petitioner filed his petition. *See*, *e.g.*, *Dukes v. Warden, Connecticut State Prison*, 161 Conn. 337, 344 (1971) (holding that an alleged conflict of interest between a defendant and his attorney did not constitute ineffective assistance of counsel such that the defendant's guilty plea was "involuntary and unintelligent").

Likewise, other portions of the brief Petitioner submitted to the Connecticut Supreme Court confirms that he did not present a Sixth Amendment ineffective assistance of counsel claim to that

14

court.  For instance, the brief framed the question presented as:  "Where the petitioner's trial counsel threatened to withdraw one week before the petitioner pled guilty, and the petitioner presented evidence that he felt compelled to plead guilty because of that threat, did the Appellate Court err in affirming the habeas court's conclusion that petitioner did not present any evidence that his decision to plead guilty was the result of a breakdown in the relationship between the petitioner and his trial counsel?".  ECF No. 35-1 at 3.  Framed this way, the Connecticut Supreme Court would not have been invited to consider whether Attorney Alevy was ineffective in failing to present such evidence; rather, it was invited to consider the sufficiency (or lack thereof) of the evidentiary record before the state habeas trial court.  Additionally, as noted above, the brief argued that the "habeas court and the Appellate Court did not squarely address" the issue raised by the petition, *id.*, and argued that the petition should be granted "so that the petitioner finally has a fair opportunity to present his claim," *id.* at 10.  In describing the issue in this manner, Petitioner sought to distinguish the issue presented to the Supreme Court from the issues the habeas trial court *had* addressed, including the alleged ineffectiveness of Alevy in failing to present evidence of Smith's threat as proof of a breakdown in the relationship between Petitioner and Smith.  Thus, although Petitioner did pursue the ineffective assistance claim he raises regarding Attorney Alevy at the state habeas trial and appellate levels, he appears to have explicitly eschewed that issue when litigating before the Connecticut Supreme Court.  Finally, where Attorney Alevy is mentioned in Petitioner's Connecticut Supreme Court brief, there is no suggestion that the issue as to which Petitioner sought review was Attorney Alevy's alleged ineffectiveness.  *See* ECF No. 35-1 at 2–10.

In short, because Petitioner—who was assisted by counsel at the Connecticut Supreme Court—failed to invoke either the Sixth Amendment or the most relevant U.S. Supreme Court case

as to ineffective assistance, framed the issue presented as a novel one, and did not argue that Attorney Alevy was ineffective, this Court must conclude that Petitioner did not intend to raise the ineffective assistance of counsel claim he now presses regrading Attorney Alevy to the Connecticut Supreme Court.

The Court acknowledges that there can be overlap between a due process claim that a plea is involuntary and an ineffective assistance of counsel claim, where a petitioner argues that the plea was rendered involuntary as a result of ineffective assistance of counsel. *See, e.g.*, *Hanks v. United States*, No. 3:17-CV-00751 (JCH), 2019 WL 135558, at *9 (D. Conn. Jan. 8, 2019), *aff'd*, 818 F. App'x 90 (2d Cir. 2020); *Forest v. United States*, No. CIV A 3:08-CV-777 (JCH), 2008 WL 5329296, at *3 (D. Conn. Dec. 18, 2008) (applying *Strickland* when the grounds for the petitioner's involuntary plea claim were "intertwined" with the grounds for his ineffective assistance claim)). The question thus becomes whether, by raising a due process claim of this nature, a petitioner also effectively raises an ineffective assistance of counsel claim, even if not in so many words.

Here, Petitioner's due process/involuntary plea and ineffective assistance claims are not so intertwined such that the former should be considered the substantial equivalent of the latter for exhaustion purposes. In his operative federal petition, Petitioner is not challenging Attorney Smith's effectiveness (or lack thereof). *See generally* ECF No. 47.[3] For instance, he does not contend that Attorney Smith was ineffective because he coerced Petitioner into pleading guilty (which could render Petitioner's plea involuntary). If Petitioner had made this claim in his operative federal petition, it is possible his involuntary plea and ineffective assistance claims might

---

[3] A prior version of Petitioner's federal petition, drafted with the assistance of counsel, did raise claims regarding the effectiveness of Attorney Smith. *See* Am. Pet, ECF No. 31 at 4. It did not, however, allege that Petitioner's guilty plea was involuntary because of Smith's allegedly coercive behavior. *See id.* In any event, the third amended petition does not raise any claims regarding alleged ineffectiveness of Attorney Smith.

be considered intertwined, such that raising the involuntary plea issue to the Connecticut Supreme Court would have effectively raised the ineffective assistance issue as to Smith, too. But, critically, the operative federal petition raises no claims relating to Attorney *Smith*'s effectiveness; it challenges only Attorney *Alevy*'s effectiveness. Attorney Alevy is one step removed from the involuntary plea, having been appointed to represent Petitioner after Attorney Smith withdrew from representing Petitioner. Thus, the Court does not consider the due process claim raised before the Connecticut Supreme Court to have also meaningfully raised a claim related to Attorney Alevy's effectiveness.

Further, whether Alevy rendered ineffective assistance of counsel in connection with Petitioner's motion to withdraw guilty plea, as Petitioner now maintains, *see* Third Amend. Pet., ECF No. 47 at 2–3, and whether Petitioner's guilty plea "may be rendered involuntary if it is the result of [Smith's] threat to withdraw from the case," as Petitioner maintained in his petition for certification before the Connecticut Supreme Court, *see* Resp. App. AA, ECF No. 35-1 at 2, are entirely different questions, both factually and legally. *See*, *e.g.*, *McCarthy* v. *Commissioner of Correction*, 192 Conn. App. 797, 811 (2019) (concluding that petitioner's due process claim that his guilty plea was involuntary because of his misunderstanding of state's evidence, while related to petitioner's claim of ineffective assistance of counsel, is "a separate, freestanding due process claim subject to procedural default"); *Thiersaint v. Comm'r of Correction*, 316 Conn. 89, 145–46 (2015) (Palmer, J., dissenting) (noting that "whether a plea is voluntary under the fifth amendment is a distinct issue from whether defense counsel provided ineffective assistance under the *sixth* amendment." (footnote omitted; emphasis original) (citing *Lafler v. Cooper,* 132 S. Ct. 1376, 1390 (2012) ("[a]n inquiry into whether the rejection of a plea is knowing and voluntary . . . is not the correct means by which to address a claim of ineffective assistance of counsel")).

Because Petitioner's due process claim brought in state court and his ineffective assistance of counsel claim brought in his federal habeas petition are not premised on the same constitutional grounds, they cannot be considered "substantial equivalents." *See*, *e.g.*, *Jones*, 329 F.3d at 295–96 ("conclud[ing] that the insufficiency-of-the-evidence claim Jones asserted on direct appeal was not substantially the same as his vagueness claim since the insufficiency claim did not alert the state court to a claim of statutory vagueness" even though "[s]ometimes, of course, issues of vagueness and of the sufficiency of the evidence may overlap"); *Strogov*, 191 F.3d at 192 (concluding that "[d]espite the linguistic similarity between the 'fair notice' aspect of her State court sufficiency claim, on the one hand, and the 'fair notice' due process claim she presses in her federal habeas petition, on the other, these claims are otherwise distinct and cannot be said to be the 'substantial equivalent' of one another"); *Brown v. Conway*, No. 08 CV 1780 (MKB), 2012 WL 2872150, at *2–3 (E.D.N.Y. July 11, 2012) (citing *Jones*, 329 F.3d at 295–96, and concluding "[a]n ineffective assistance of counsel claim is not the 'substantial equivalent' of the broad claims in Petitioner's Appellate Division brief," which "argued that his right to due process, his right to a fair trial, and his right to present a defense under the Fifth, the Sixth, and the Fourteenth Amendments were denied"); *Borthwick v. Lavalley*, No. 9:10-CV-556 NAM/RFT, 2014 WL 4794413, at *5 n.6 (N.D.N.Y. Sept. 25, 2014) (concluding that "a claim that a verdict was coerced by the actions of the presiding judge is not the 'substantial equivalent' of an ineffective assistance of counsel claim") (quoting *Picard,* 404 U.S. at 278).

And even if the Court liberally construed the claims as legally being one and the same, the claim asserted before the Connecticut Supreme Court and the claim asserted in the federal habeas petition are not directed towards the same shortcomings of counsel such that they share a common factual basis.  Petitioner argued in his petition for certification that his guilty plea was rendered

involuntary by threats from "petitioner's original trial counsel, Kevin Smith[.]"  Resp. App. AA, ECF No. 35-1 at 2.  But, as explained above, Petitioner asserts no such claim, sounding in either due process or ineffective assistance of counsel, against Kevin Smith in his federal habeas petition.  *See* Third Amend. Pet., ECF No. 47 at 2–3.  All eleven of Petitioner's ineffective assistance of counsel claims are directed to Alevy's shortcomings in connection with the motion to withdraw guilty plea, not Smith's shortcomings in connection with his representation of Petitioner before he pleaded guilty.  *See id*.  Thus, even if the Court were to overlook the distinction between the legal bases for Petitioner's claims, it cannot ignore the factual distinctions between them.

Petitioner's arguments to the contrary are unavailing.  Although he is correct to point out that Respondent initially took the position that the "Smith threat-claim" was exhausted and has now reversed course in light of the Court's request for supplemental briefing, this change in position does not preclude the Court from finding the claim is unexhausted.  The Court has an independent obligation to ensure that the state courts are first allowed to pass on the federal claim, based on considerations of comity.  *See Daye*, 696 F.2d at 191.  Second, the Court rejects Petitioner's argument that he raises the same claim here as he did before the Connecticut Supreme Court for the reasons discussed in this ruling.  To the extent Petitioner contends that his federal petition is based on the same facts as those he raised before the state courts, the U.S. Supreme Court has explained that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson*, 459 U.S. at 6.  Finally, Petitioner cannot reframe the issue he proposed that the Connecticut Supreme Court review, in an attempt to match it to the claim he now pursues in his federal petition.

Therefore, based on a careful review of the record, the Court concludes that the Connecticut Supreme Court did not have "the first opportunity to hear the claim sought to be vindicated in a

federal habeas proceeding," *Picard*, 404 U.S. at 276, because Petitioner never asked the Connecticut Supreme Court to consider, as he does here, whether Attorney Alevy provided ineffective assistance of counsel. *See* Third Amend. Pet., ECF No. 47 at 2–3,  As such, the Court cannot conclude that Petitioner has exhausted any claim in his federal habeas petition under 28 U.S.C. § 2254(b)(1)(A).

    B.  Excusal of Exhaustion

Exhaustion may be excused if the habeas petitioner can demonstrate that it would be futile. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  Exhaustion is futile when "there is an absence of available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief."  *Jumpp v. Cournoyer*, No. 3:15-CV-00892 (VLB), 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (emphasis in original) (citing *Duckworth*, 454 U.S. at 3).

Because the record does not suggest that Petitioner should be excused from his exhaustion obligation due to a lack of "opportunity to obtain state court redress" or that a state court "corrective process is so clearly deficient to render futile any effort to obtain relief," *Duckworth*, 454 U.S. at 3; 28 U.S.C. § 2254(b)(1)(B), Petitioner's federal habeas petition containing only unexhausted claims must be dismissed without prejudice.  *Kaddah v. Lee*, No. 3:08-CV-519 (SRU), 2008 WL 4534264, at *2 n.2 (D. Conn. Oct. 7, 2008) (concluding that habeas petition containing only unexhausted claims "is not a mixed petition and must be dismissed."); *Schlosser v. Quiros*, No. 3:22-CV-1620 (VLB), 2023 WL 7300564, at *8 (D. Conn. Nov. 6, 2023) (concluding that "fully unexhausted" habeas petition "must be dismissed without prejudice").

## IV.    CONCLUSION

For the reasons set forth in this ruling, the Court dismisses the Third Amended Petition, ECF No. 47, without prejudice.

Based on the record before the Court, jurists of reason would not find it debatable that Petitioner failed to exhaust his state court remedies.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment for Respondent and close this case.

**SO ORDERED** at Hartford, Connecticut, this 19th day of August, 2025.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE